NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUTH NOEMI IZAGUIRRE-SALMERON, AKA Ruth Noemi Izaguirre-Salmeron De Pineda; OSCAR JAFETH PINEDA-IZAGUIRRE, | No. 18-71986 |
| | Agency Nos. A208-291-785 |
| | A208-291-783 |
| Petitioners, | |
| v. | MEMORANDUM** |
| MERRICK B. GARLAND,* Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023***

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

---

\* Merrick B. Garland is substituted for his predecessor, Matthew G. Whitaker, as Attorney General of the United States. Fed. R. App. P. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Ruth Noemi Izaguirre-Salmeron ("Izaguirre") and her son, Oscar Jafeth Pineda-Izaguirre ("Oscar") (collectively, "Petitioners"), both natives and citizens of Honduras, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal of an Immigration Judge's ("IJ") decision denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. As the parties are familiar with the facts, we do not recount them here. We deny the petition.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *De Leon v. Garland*, 51 F.4th 992, 999 (9th Cir. 2022) (citation omitted). "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.*

1. Substantial evidence supports the agency's determination that Petitioners are not eligible for asylum because they did not demonstrate harm rising to the

---

[1] Izaguirre's son, Oscar, is a derivative beneficiary of Izaguirre's asylum application. *See* 8 U.S.C. § 1158(b)(3)(A); 8 C.F.R. § 1208.21. As there is no derivative status for withholding of removal and CAT protection, and Oscar did not file his own application, he is not eligible for those forms of relief. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

level of persecution or nexus to a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (requirements for asylum eligibility).

"Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Duran-Rodriguez*, 918 F.3d at 1028 (internal quotation marks and citation omitted). "Mere threats, without more, do not necessarily compel a finding of past persecution." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021). "Instead, we have been most likely to find persecution where threats are repeated, specific and combined with confrontation or other mistreatment." *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (internal alteration, quotation marks, and citation omitted).

Here, the Mara-18 gang approached Oscar on three separate occasions, telling him to join their gang and that, if he refused, they "could kill [him]." The gang also approached Izaguirre twice, demanding that she let Oscar join them or they would kill her or Oscar. Izaguirre testified that she was afraid because she heard on the news that the gang had killed another child in the neighborhood for refusing to join their gang. However, the gang never committed physical violence against Petitioners nor threatened them with weapons. And the newspaper article Petitioners submitted about the other child's death did not mention any gang involvement.

3

On these facts, although the agency could have concluded that the gang's threats were sufficiently serious as to constitute persecution, we cannot say the evidence compels such a conclusion. *See Villegas Sanchez*, 990 F.3d at 1179 (holding that threats alone, occurring several times over a period of weeks, did not necessarily compel a finding of persecution); *Duran-Rodriguez*, 918 F.3d at 1028 (determining that death threats unaccompanied by acts of violence were insufficient to constitute persecution).

Nor does the record compel a finding that Petitioners have a well-founded fear of future persecution. *See Sharma*, 9 F.4th at 1065. Izaguirre testified that her two daughters have continued to live in Petitioners' family home in Honduras without being bothered or threatened by the gang. She is also not aware of her nephews in Honduras being threatened or approached by gangs. *See id.* at 1066 ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution.").

Moreover, substantial evidence supports that Petitioners failed to establish a nexus between their claims and a protected ground. Petitioners alleged before the IJ that their persecution was or would be on account of their membership in two particular social groups: (1) for Izaguirre, the group is "Honduran mothers in Honduras threatened by gangs to prevent attempted intervention of gang recruitment of their children"; and (2) for Oscar, the group is "Honduran male

4

children targeted and threatened by gangs because of their fundamental beliefs and are thus, targeted by gang members in an effort to impute their gang lifestyle on Honduran men." However, substantial evidence supports the agency's conclusion that Petitioners were targeted because of the gang's desire to expand their criminal enterprise, rather than on account of any particular social groups. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *cf. Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (concluding that a young Honduran man's refusal to join a gang did not prove persecution on account of a protected ground), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

2. Because Izaguirre failed to establish the lower burden of proof for asylum eligibility, her claim for withholding of removal also fails. *See Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020).

3. Substantial evidence also supports the agency's denial of CAT protection because Izaguirre failed to show that she will more likely than not be tortured with the acquiescence of the Honduran government or a person acting in an official capacity. *See Duran-Rodriguez*, 918 F.3d at 1029-30.

4.  Finally, this court's recent en banc decision squarely forecloses Petitioners' argument that jurisdiction never vested in the immigration court because their Notices to Appear did not include a hearing date and time for their initial removal hearings.  *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192-93, 1193 n.9 (9th Cir. 2022) (en banc) (holding that a defective Notice to Appear does not deprive the immigration court of subject matter jurisdiction).

**PETITION DENIED.**